UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

| | |
|---|---|
| DAN EIDEN, INC., <br>      Plaintiff <br><br>      V. <br><br> F&M TOOL & PLASTICS, INC., <br>      Defendant | CIVIL ACTION NO. 4:16-CV-40032-TSH |

## ANSWER TO COMPLAINT

The defendant F&M Tool & Plastics, Inc. ("F&M") answers the Complaint of the plaintiff Dan Eiden, Inc. ("Eiden") as follows:

Allegation No. 1.    Plaintiff Dan Eiden, Inc. was defendant F&M's independent sales representative for eight years and helped launch F&M's lucrative housewares line. From his Michigan base, Eiden secured sales to major national retailers, including Kmart (Sears Holding), Meijer, Target, Menards, and Shopko. With Eiden having procured ongoing sales contracts and placed major promotional sales into at least 2016, F&M sought to terminate the relationship and disclaim its obligation to pay post-termination commissions. Eiden now brings this suit for breach of contract and violation of the Michigan Sales Representative Commission Act ("MSRCA").

Response No. 1.    This paragraph consists of conclusory assertions regarding the Complaint as a whole and no answer is therefore required. Any allegations of fact in this paragraph are asserted more specifically in the remainder of the Complaint. The defendant responds to those allegations of fact in the succeeding paragraphs and incorporates those responses to the extent necessary herein.

Allegation No. 2.    Plaintiff Dan Eiden, Inc. is a Michigan corporation with its principal place of business at 1735 Woodmar Court, Howell, Michigan 48843. Plaintiff is an independent manufacturer's sales representative specializing in representing manufacturers of consumer goods for sale to regional and national retailers.

Response No. 2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein. In further answer, the defendant states that the plaintiff served as a sales representative for it for a specific period of time.

Allegation No. 3. Defendant F&M is a Massachusetts corporation that conducts business within this district, with its principal place of business at 163 Pioneer Drive, Leominster, Massachusetts 01453.

Response No. 3. The defendant admits that it is a Massachusetts corporation with a principal place of business at 163 Pioneer Drive, Leominster, Massachusetts. In further answer, the defendant denies that it conducts business within the Eastern District of the United States District Court, District of Michigan in which this case was originally filed.

Allegation No. 4. The amount in controversy is in excess of $75,000, exclusive of costs, interest, at (and) attorney fees.

Response No. 4. The Defendant denies the allegation of this paragraph.

Allegation No. 5. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the jurisdictional threshold, exclusive of interest and costs, and is between citizens of different states.

Response No. 5. This paragraph states a conclusion of law for which no answer is required. To the extent that this paragraph asserts factual allegations relative to the amount in controversy, the defendant denies those allegations. In further answer, the defendant admits that this case is between citizens of different states.

Allegation No. 6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Response No. 6. This paragraph states a conclusion of law for which no answer is required. In further answer, the defendant denies that venue was appropriate in the Eastern District of Michigan in which the case was originally brought.

Allegation No. 7.	Defendant F&M was a traditional tool and plastics company when Eiden introduced it to the home plastic storage market; this market segment has now become a major focus of F&M's business.

Response No. 7.	The defendant denies the allegations of this paragraph. In further answer, the defendant admits that it is a tool and plastics manufacturer and sells to the plastic storage market. In further answer, the defendant denies the remaining allegations of this paragraph.

Allegation No. 8.	Defendant F&M currently manufactures, among other things, plastic storage containers and "totes" under the brand name "Bella Storage Solutions."

Response No. 8.	The defendant admits the allegations of this paragraph.

Allegation No. 9.	Since its launch in 2008, Eiden has been one of F&M's principal sales agents for the Bella line of products.

Response No. 9.	The defendant denies the allegations of this paragraph. In further answer, the defendant admits that the plaintiff served as a sales agent for the defendant selling a variety of products including plastic storage containers.

Allegation No. 10.	Between 2008 and 2013, Eiden procured sales for F&M to major retailers and was paid by F&M agreed commissions. During this time, Eiden secured contracts for F&M with customers including Kmart (Sears Holdings), Meijer, Menards, Pamida and Shopko, True Value, Target, Walgreens, and Marc's.

Response No. 10.	The defendant denies the allegations of this paragraph. In further answer, the defendant admits that the plaintiff procured sales to several retailers, including those referenced, and was fully paid all commissions.

Allegation No. 11.	On or about July 11, 2013, Eiden and F&M executed a written Independent Sales Representative Agreement (the "Agreement"), attached hereto as Exhibit 1.

Response No. 11.	The defendant admits the allegations of this paragraph.

Allegation No. 12.	The parties agreed that Plaintiff would continue to serve as a sales representative on behalf of F&M and that he would solicit orders for the sale of productions manufactured or supplied by F&M to a wide range of retailers.

Response No. 12.   The defendant states that the referenced document speaks for itself. To the extent that the allegations of this paragraph vary from the aforementioned document, the same are denied.

Allegation No. 13.   In the Agreement, F&M agreed to pay commissions in the month following payment from the customer, at agreed rates depending on the customer.

Response No. 13.   The defendant admits the allegations of this paragraph.

Allegation No. 14.   The Agreement was terminable by either party without cause upon 30 days written notice.

Response No. 14.   The defendant admits the allegations of this paragraph.

Allegation No. 15.   After the Agreement was signed, Eiden continued to make huge sales for F&M, growing sales to existing customers and lining up new business for F&M. F&M recognized Eiden as its "National Key Accounts" representative.

Response No. 15.   The defendant denies the allegations of this paragraph. In further answer, the defendant admits that the plaintiff continued to make sales after the Agreement was signed.

Allegation No. 16.   Despite Eiden's sales accomplishments and the enormous success of its Bella line, changes were afoot at F&M.

Response No. 16.   The allegations of this paragraph are vague and ambiguous and the defendant cannot admit or deny them. In further answer, the defendant and virtually every private business enterprise undergoes changes continuously.

Allegation No. 17.   In 2014, F&M began cutting Eiden's commissions, undermining his role within the company, and proposing various other revisions to the parties' relationship.

Response No. 17.   The defendant denies the allegations of this paragraph. In further answer, the defendant admits that it offered a modified business relationship to the plaintiff, which the plaintiff rejected.

Allegation No. 18.   When Eiden would not agree to the addition of overly restrictive covenants to the parties and deep commission cuts, F&M sought to curtail Eiden's responsibilities to avoid payment of commissions he would be owed.

Response No. 18.    The defendant denies the allegations of this paragraph.  In further answer, the defendant admits that the plaintiff rejected the defendant's proposal for a continuing business relationship.

Allegation No. 19.    On or about August 5, 2015, F&M terminated Eiden's representation of F&M with regards to Menards, Target, and Shopko.

Response No. 19.    The defendant denies the allegations of this paragraph.

Allegation No. 20.    Two days later, F&M terminated Eiden entirely, effective September 7, 2015.

Response No. 20.    The defendant admits the allegations of this paragraph.

Allegation No. 21.    Because of the lead time and the recurring nature of sales, Eiden has procured sales for F&M to customers that, at the time of termination, had not yet been formalized by a purchase order.

Response No. 21.    The defendant denies the allegations of this paragraph.  In further answer, the defendant admits that the plaintiff was not entitled to commissions except for orders placed up to the effective date of the plaintiff's termination.

Allegation No. 22.    For example, in May 2015, Eiden procured an award letter for the production of goods by F&M for ALDI, Inc. which calls for the sale of products to be displayed and sold by ALDI in January 2016.  As a result, a formal purchase order had, upon information and belief, not been issued by ALDI at the time of termination.

Response No. 22.    The defendant denies the allegations of this paragraph.  In further answer, the defendant admits that no orders as referenced had been placed by ALDI as of the effective date of the plaintiff's termination.

Allegation No. 23.    At the time of termination, Eiden had procured ongoing sales relationships on behalf of F&M with a number of customers whereby the customers would simply re-order the same products that they had previously purchased from F&M.

Response No. 23.    The defendant denies the allegations of this paragraph.

Allegation No. 24.    Eiden had also procured sales to retailers for promotional events into at least the 2016 calendar year.  Though these sales have been procured, actual orders will not be placed until nearer to the time of the promotional event.

Response No. 24.   The defendant denies the allegations of this paragraph.

Allegation No. 25.   In its termination letter, F&M declared that it would only pay commissions "between now and September 7th." F&M clearly stated that it has no intention of paying any commissions for sales procured by Eiden unless an actual order was placed prior to the termination.

Response No. 25.   The defendant states that the referenced document speaks for itself. In further answer, the defendant states that it had no obligation to pay the plaintiff commissions except upon orders actually placed prior to the effective date of termination.

Allegation No. 26.   Upon information and belief, as of the date of this Complaint, F&M had not made payment to Eiden for any sales or the procurement of sales by Eiden on or after September 7, 2015.

Response No. 26.   The defendant admits that it had no obligation to pay commissions on orders placed after the effective date of termination and answers further that it has not paid any commissions to the plaintiff other than for orders placed prior to that termination date.

Allegation No. 27.   Eiden is entitled to payment of commissions on all sales for which he was the procuring cause.

Response No. 27.   This paragraph states a conclusion of law for which no answer is required. To the extent that this paragraph asserts facts, the defendant states that the plaintiff was fully paid.

Allegation No. 28.   Plaintiff incorporates and re-alleges Paragraphs 1 through 27 as each were fully set forth herein.

Response No. 28.   The defendant repeats and incorporates by reference herein its previous responses.

Allegation No. 29.   The Agreement between Eiden and F&M is a valid contract.

Response No. 29.   The defendant admits that the Agreement was a valid contract in effect until its termination.

Allegation No. 30.   F&M breached that contract by failing to pay the full amount of commissions owed as they come due.

  <u>Response No. 30.</u>  The defendant denies the allegations of this paragraph.

  <u>Allegation No. 31.</u>  In addition, F&M's repudiation of the Agreement constitutes a breach thereof.

  <u>Response No. 31.</u>  The defendant denies the allegations of this paragraph.

  <u>Allegation No. 32.</u>  Eiden has been and continues to be damaged as a result of F&M's breach.

  <u>Response No. 32.</u>  The defendant denies the allegations of this paragraph.

  <u>Allegation No. 33.</u>  Plaintiff incorporates and re-alleges Paragraphs l through 32 as each were fully set forth herein.

  <u>Response No. 33.</u>  The defendant repeats and incorporates by reference herein its previous responses.

  <u>Allegation No. 34.</u>  The Agreement between the parties is governed by the Michigan Sales Representative Act, Mich. Comp. Laws § 600.2961.

  <u>Response No. 34.</u>  This paragraph states a conclusion of law for which no answer is required.  To the extent that this paragraph does contain allegations of fact, the defendant denies them.

  <u>Allegation No. 35.</u>  F&M has failed to pay all commissions that are due under the Agreement and has declared its refusal to pay commissions as they come due going forward.

  <u>Response No. 35.</u>  The defendant denies the allegations of this paragraph.

  <u>Allegation No. 36.</u>  More than 45 days have passed since certain of Plaintiff's commissions became due.

  <u>Response No. 36.</u>  The defendant denies the allegations of this paragraph.

  <u>Allegation No. 37.</u>  As a result, F&M is liable to Eiden for the actual damages; an amount equal to two times the amount of due but not paid commissions or $100,000, whichever is less; and, reasonable attorney fees and costs.

  <u>Response No. 37.</u>  The defendant denies the allegations of this paragraph.

  <u>Allegation No. 38.</u>  Plaintiff incorporates and re-alleges Paragraphs 1 through 37 as each were fully set forth herein.

Response No. 38.	The defendant repeats and incorporates by reference herein its previous responses.

Allegation No. 39.	There is a controversy between the parties as to F&M's obligations to pay post-termination commissions for sales procured by plaintiff.

Response No. 39.	This paragraph states a conclusion of law for which no answer is required. To the extent that this paragraph alleges facts, the defendant denies them.

Allegation No. 40.	Pursuant to Federal Rule of Civil Procedure 57, this Court has the power to issue a declaratory judgment determining the rights and obligations of the parties pursuant to the Agreement.

Response No. 40.	This paragraph states a conclusion of law for which no answer is required. To the extent that this paragraph includes allegations of fact, the same are denied.

## AFFIRMATIVE DEFENSES

1.	The Complaint of the plaintiff fails to state claims upon which relief may be granted.

2.	The plaintiff has been fully paid.

3.	The claims of the plaintiff are negated by the parties' accord and satisfaction.

4.	The plaintiff is estopped from asserting its claims.

5.	The claims of the plaintiff fail for want of consideration.

6.	The claims of the plaintiff are barred by its fraud.

7.	The plaintiff waived its claims.

8.	The claims asserted by the plaintiff pursuant to Michigan law are not actionable.

9.	All or substantially all of the claims made by the plaintiff are wholly insubstantial, frivolous and not advanced in good faith in violation of Massachusetts General Laws Chapter 231 §6F.

WHEREFORE, the defendant demands that judgment enter in its favor, that all claims asserted by the plaintiff be dismissed and that the defendant be awarded its costs as well as its reasonable counsel fees pursuant to Massachusetts General Laws Chapter 231 §6F.

The defendant claims a trial by jury of all issues so triable.

Respectfully submitted,
F&M TOOL & PLASTICS, INC.

By its attorney,


 /s/ Richard C. Van Nostrand
Richard C. Van Nostrand, Esq.
BBO #507900
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581-3926
Phone: (508) 898-1501
Fax:    (508) 898-1502
EM:    rvannostrand@mirickoconnell.com

Dated: April 19, 2016


CERTIFICATE OF SERVICE

I, Richard C. Van Nostrand, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Richard C. Van Nostrand
Richard C. Van Nostrand, Esq.

Dated: April 20, 2016