# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

**DAN EIDEN, INC.,**
a Michigan corporation,

    Plaintiff

Case No. 4:16-CV-40032-TSH

v.

**F&M TOOL & PLASTICS, INC.,**
a Massachusetts corporation,

    Defendant.

---

## FIRST AMENDED COMPLAINT AND JURY DEMAND

NOW COMES Dan Eiden, Inc. ("Plaintiff" or "Eiden"), by and through its undersigned counsel, and submits its First Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B) against Defendant F&M Tool & Plastics, Inc. ("Defendant" or "F&M") states as follows.

## STATEMENT OF THE CASE

1. Plaintiff Dan Eiden, Inc. was Defendant F&M's independent sales representative for eight years and helped launch F&M's lucrative housewares line. Eiden secured sales to major national retailers, including Kmart (Sears Holding), Meijer, Target, Menards, and Shopko. With Eiden having procured ongoing sales contracts and placed major promotional sales into at least 2016, F&M sought to

terminate the relationship and disclaim its obligation to pay post-termination commissions. Eiden now brings this suit for breach of contract and violation of the applicable state statute governing payment of commissions to sale representatives.

## PARTIES, JURISDICTION & VENUE

2. Plaintiff Dan Eiden, Inc. is a Michigan corporation with its principal place of business at 1735 Woodmar Court, Howell, Michigan 48843. Plaintiff is an independent manufacturer's sales representative specializing in representing manufacturers of consumer goods for sale to regional and national retailers.

3. Defendant F&M is a Massachusetts corporation that conducts business within this district, with its principal place of business at 163 Pioneer Drive, Leominster, Massachusetts 01453.

4. The amount in controversy is in excess of $75,000, exclusive of costs, interest, at attorney fees.

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the jurisdictional threshold, exclusive of interest and costs, and is between citizens of different states.

6. This case was initially filed in the Federal District Court for the Eastern District of Michigan and transferred to this court upon Defendant's motion pursuant to 28 U.S.C. §1404(a).

## COMMON ALLEGATIONS

7. Defendant F&M was a traditional tool and plastics company when Eiden introduced it to the home plastic storage market; this market segment has now become a major focus of F&M's business.

8. Defendant F&M currently manufactures, among other things, plastic storage containers and "totes" under the brand name "Bella Storage Solutions."

9. Since its launch in 2008, Eiden has been one of F&M's principal sales agents for the Bella line of products.

10. Between 2008 and 2013, Eiden procured sales for F&M to major retailers and was paid by F&M agreed commissions. During this time, Eiden secured contracts for F&M with customers including Kmart (Sears Holdings), Meijer, Menards, Pamida and Shopko, True Value, Target, Walgreens, and Marc's.

11. On or about July 11, 2013, Eiden and F&M executed a written Independent Sales Representative Agreement (the "Agreement"), attached hereto as Exhibit 1.

12. The parties agreed that Plaintiff would continue to serve as a sales representative on behalf of F&M and that he would solicit orders for the sale of productions manufactured or supplied by F&M to a wide range of retailers.

13. In the Agreement, F&M agreed to pay commissions in the month following payment from the customer, at agreed rates depending on the customer.

3

14. The Agreement was terminable by either party without cause upon 30 days written notice.

15. After the Agreement was signed, Eiden continued to make huge sales for F&M, growing sales to existing customers and lining up new business for F&M. F&M recognized Eiden as its "National Key Accounts" representative.

16. Despite Eiden's sales accomplishments and the enormous success of its Bella line, changes were afoot at F&M.

17. In 2014, F&M began cutting Eiden's commissions, undermining his role within the company, and proposing various other revisions to the parties' relationship.

18. When Eiden would not agree to the addition of overly restrictive covenants to the parties and deep commission cuts, F&M sought to curtail Eiden's responsibilities to avoid payment of commissions he would be owed.

19. On or about August 5, 2015, F&M terminated Eiden's representation of F&M with regards to Menards, Target, and Shopko.

20. Two days later, F&M terminated Eiden entirely, effective September 7, 2015. [Exhibit 2.]

21. Because of the lead time and the recurring nature of sales, Eiden has procured sales for F&M to customers that, at the time of termination, had not yet been formalized by a purchase order.

22. For example, in May 2015, Eiden procured an award letter for the production of goods by F&M for ALDI, Inc. which calls for the sale of products to be displayed and sold by ALDI in January 2016. As a result, a formal purchase order had, upon information and belief, not been issued by ALDI at the time of termination.

23. At the time of termination, Eiden had procured ongoing sales relationships on behalf of F&M with a number of customers whereby the customers would simply re-order the same products that they had previously purchased from F&M.

24. Eiden had also procured sales to retailers for promotional events into at least the 2016 calendar year. Though these sales have been procured, actual orders will not be placed until nearer to the time of the promotional event.

25. In its termination letter, F&M declared that it would only pay commissions "between now and September 7th." [Ex. 2.] F&M clearly stated that it has no intention of paying any commissions for sales procured by Eiden unless an actual order was placed prior to the termination.

26. F&M terminated Eiden in bad faith.

27. F&M terminated Eiden to avoid paying commissions that were properly owed to Eiden.

28. Upon information and belief, F&M had not made payment to Eiden for any sales or the procurement of sales by Eiden on or after September 7, 2015.

29. Eiden is entitled to payment of commissions on all sales for which he was the procuring cause.

## COUNT I – BREACH OF CONTRACT

30. Plaintiff incorporates and re-alleges Paragraphs 1 through 27 as each were fully set forth herein.

31. The Agreement between Eiden and F&M is a valid contract.

32. F&M breached that contract by failing to pay the full amount of commissions owed as they come due.

33. F&M breached implied covenants of good faith and fair dealing in the Agreement by terminating Eiden in bad faith.

34. In addition, F&M's repudiation of the Agreement constitutes a breach thereof.

35. Eiden has been and continues to be damaged as a result of F&M's breach.

## COUNT II – VIOLATION OF SALES REPRESENTATIVE ACT

36. Plaintiff incorporates and re-alleges Paragraphs 1 through 35 as each were fully set forth herein.

37. The Agreement between the parties is governed by the Michigan Sales Representative Act, Mich. Comp. Laws § 600.2961.

38. In the alternative, the Agreement between the parties is governed by Mass. Gen. Laws ch. 104, §§ 7-9.

39. F&M has failed to pay all commissions that are due under the Agreement and has declared its refusal to pay commissions as they come due going forward.

40. As a result, F&M is liable to Eiden for the actual damages, treble damages, and reasonable attorney fees and costs.

## **COUNT III – DECLARATORY JUDGMENT**

41. Plaintiff incorporates and re-alleges Paragraphs 1 through 37 as each were fully set forth herein.

42. There is a controversy between the parties as to F&M's obligations to pay post-termination commissions for sales procured by Plaintiff.

43. Pursuant to Federal Rule of Civil Procedure 57, this Court has the power to issue a declaratory judgment determining the rights and obligations of the parties pursuant to the Agreement.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant in an amount in excess of $75,000.00 along with costs, interest, attorneys' fees, and any other relief to which it is entitled and issue a

declaratory judgment determining that Defendant is liable to pay post-termination commissions for all sales procured by Plaintiff.

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.

Dated:  May 9, 2016

Respectfully Submitted,
Attorney for Plaintiff

By: /s/ Brian B. Brown
Brian B. Brown (admitted *Pro Hac Vice*)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan  48009
Telephone:  (248) 988-8360
bbrown@cgolaw.com

Brendan M. Shortell (BBO# 675851)
Lambert & Associates
92 State Street, Suite 200
Boston, MA 02109
Telephone: (617) 720-0091
shortell@lambertpatentlaw.com

## CERTIFICATE OF SERVICE

I certify that I served the foregoing on counsel of record through the Court's ECF system.

Date: May 9, 2016

/s/ Brian B. Brown
Brian B. Brown (admitted *Pro Hac Vice*)